[Civ. No. 13374.   Second Dist., Div. One.   Dec. 26, 1941.]

Estate of GEORGE W. WOODCOCK, Deceased.  BANK OF AMERICA NATIONAL TRUST AND SAVINGS AS-SOCIATION (a National Banking Association), Appel-lant, v. FARMERS AND MERCHANTS TRUST COM-PANY OF LONG BEACH (a Corporation), Respondent.

Hugh G. Maddox for Appellant.

Ticknor & Maxwell and Roland Maxwell for Respondent.

SHAW, J. pro tem.—The appellant filed a petition for letters of administration on the estate of George W. Woodcock, deceased, claiming to be the nominee of his "surviving widow" Nellie E. Woodcock and filed therewith a document purporting to be signed by her renouncing her right to letters and nominating appellant as administrator. Thereafter respondent filed a petition for letters of administration on the same estate, claiming to be the duly appointed guardian of the estate of Nellie E. Woodcock, surviving wife of said deceased. The two petitions came on for hearing together and the court made an order granting that of respondent.

■ Appellant's sole point is that by reason of the nomination of the widow it was entitled, under section 422 of the Probate Code, to be appointed as administrator, and that the court erred in refusing so to appoint it. We have before us no record of the evidence taken at the hearing, and without such record we cannot assume that the purported nomination was shown to be genuine, but must presume, in support of the order, that no such proof was made. Appellant claims no other special right to the appointment. ■ On the record before us it may be within the class of persons ranked tenth, in the list of those entitled to such appointment, by section 422 of the Probate Code, that is, "any person legally competent." But respondent appears to be also within this class, even if the effect of its appointment as guardian of the widow, under section 426 of the Probate Code, was superseded by the appeal therefrom discussed in the briefs. On this view of the case the court had discretion to appoint either applicant, (Probate Code, section 425), and no reason appears for disturbing its exercise of such discretion.

The order appealed from is affirmed.

York, P. J., and White, J., concurred.