[Civ. No. 32424. First Dist., Div. One. Mar. 13, 1973.]

TOPPS & TROWSERS, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
SID'S DEPARTMENT STORE, INC., Real Party in Interest.

## COUNSEL

Skornia, Rosenblum & Gyemant and Hugh H. Redford for Petitioner.

No appearance for Respondent.

Edmund P. Ball for Real Party in Interest.

## OPINION

**ELKINGTON, J.**—Sid's Department Store, Inc., a corporation, commenced an action in the Monterey County Superior Court against Topps & Trowsers, a corporation. Sid's Department Store served notice of the taking of the deposition in Salinas, Monterey County, of Topps & Trowsers' president, Harold Schwartz. Salinas is more than 75 miles, but less than 150 miles, distant from the San Francisco residence of Schwartz, who for that reason did not attend the planned deposition.

After proceedings taken therefor the superior court ordered, as a sanction for Schwartz' failure to attend the deposition, that Topps & Trowsers pay to Sid's Department Store the sum of $377.50.

On Topps & Trowsers' petition we issued an alternative writ of prohibition calling for the showing of cause why the enforcement of the order for sanctions should not be restrained.

Sid's Department Store poses the question before us as "whether the president of a defendant corporation residing over 75 miles but less than 150 miles from the place of trial is obliged to attend a deposition in the county of the place of trial after his lawyer has been properly noticed by the other side. . . ."

Code of Civil Procedure section 2019, subdivision (a) (2), q.v., provides that ordinarily the deposition of either a party or nonparty to an action, except with consent, must be taken within the county of, or not more than 75 miles from, the deponent's residence. An exception exists: If the deponent is a party to the action, his deposition may be taken at the county of the place of trial if less than 150 miles from his residence. It is this exception upon which Sid's Department Store apparently relies.

Sid's Department Store argues first, a statutory intent in the enactment of section 2019, subdivision (a) (2), that where a corporation is a party to an action, its officers are to be deemed parties to that action. No authority is submitted for this proposition. And such a construction seems contrary to the legislative intent as expressed by section 2019. Elsewhere in the section reference is made to party-related witnesses such as officers of a corporate party to an action. Thus, section 2019, subdivision (a) (4), requires such a witness to give his deposition, without service of a subpoena, upon notice to the corporate party's attorney. And section 2019, subdivision (b) (2), permits the court, upon notice and hearing and good cause therefor, to direct such a corporate officer to give his deposition at a point more than 150 miles from his residence.

Section 2019's subdivision (a) (2), with which we are here concerned, has no similar provision applying its terms to party-related witnesses such as corporate officers. Such a distinction not having been made it must reasonably be considered that none was intended. ■ " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.' " (*Richfield Oil Corp.* v. *Crawford,* 39 Cal.2d 729, 735 [249 P.2d 600].)

■ Nor do we find merit in the remaining contention that different statutory treatment of "sole proprietors or partners" on the one hand, and corporations and corporate officers on the other, is "class legislation" and a denial of "equal protection." Treatment of corporations as a distinct class has received widespread constitutional sanction. (See Cal. Const., art XII. §§ 1-24, inclusive; 3 Witkin, Summary of Cal. Law, Constitutional Law, § 131, p. 1936.) And as said by Mr. Witkin: "The equality guaranteed by the equal protection clause is equality under the same conditions, and among persons similarly situated. The Legislature may make a reasonable classification of persons and businesses and other activities and pass special legislation applying to certain classes. The classification must not be arbitrary, but must be based upon some difference in the classes having a substantial relation to a legitimate object to be accomplished." (*Op. cit.,* § 131, p. 1934.)

For the foregoing reasons petitioner Topps & Trowsers is entitled to the relief sought.

Let the peremptory writ issue.

Molinari, P. J., and Sims, J., concurred.