[Civ. No. 43021. First Dist., Div. Four. June 5, 1978.]

Estate of DONNA MARIE TREGO, Deceased.
ROBERT E. IMPERIALE, JR., Petitioner and Appellant, v.
GEORGE DYSERT, as Co-administrator, etc., et al., Objectors and Respondents.

**COUNSEL**

Sapper, Stone & Hanson and Rory A. Hanson for Petitioner and Appellant.

Dalton & Nord and John M. Dalton for Objectors and Respondents.

**OPINION**

**CHRISTIAN, J.**—Robert E. Imperiale, Jr., appeals from an order denying his petition for letters of administration in the estate of Donna M. Trego, deceased, and granting letters to respondents George and Ardyce Dysert.

Appellant first petitioned for appointment as guardian ad litem of his children, Rene and Rhett, in the estate of the decedent, their mother. The petition was granted. Appellant then petitioned for letters of administration in the estate. Respondents George and Ardyce Dysert, parents of the decedent, filed objections and requested their own appointment as coadministrators. The court appointed respondents as coadministrators, and the present appeal followed.

Donna Marie Trego died intestate August 16, 1977. She left two minor children (ages eight and nine) and her parents, George and Ardyce Dysert. Appellant is the natural father of the two children. The marriage of the decedent and appellant had been dissolved several years earlier.

The trial court gave preference to the petition of respondent parents for letters of administration over the petition of appellant former husband. Appellant claims that under Probate Code section 422, respondents are in the 10th and last class of persons to whom letters may be granted, and

therefore were not entitled to preference over him. Appellant's contention that respondents were not members of a preferred class is correct. Probate Code section 422, subdivision (b), provides: "A relative of the decedent who is entitled to priority under subdivision (a) is entitled to priority only if either of the following facts exist: (1) The relative is entitled to succeed to all or part of the estate. (2) The relative is a parent, grandparent, child, or grandchild of the decedent and either takes under the will of, or is entitled to succeed to all or part of the estate of, another deceased person who is entitled to succeed to all or part of the estate of the decedent." The minor children will inherit the entire estate pursuant to Probate Code section 222[1] because their mother died intestate; respondents Dyserts are thus without the requisite interest in the estate. (*Estate of Locke* (1968) 258 Cal.App.2d 617, 620 [65 Cal.Rptr. 884]; *Estate of Henry* (1960) 181 Cal.App.2d 173, 178 [5 Cal.Rptr. 582].) Therefore, respondents are merely within the 10th and last class defined in section 422, "person[s] legally competent."

The children of decedent are minors and cannot serve as administrators themselves (Prob. Code, § 426). Appellant is not qualified for class one status (Prob. Code, § 422, subd. (a)(1))[2] since he was divorced from decedent five years prior to her death. Appellant contends that he is entitled to preference for appointment as administrator pursuant to Probate Code section 426. Section 426 provides: "If a person otherwise entitled to administer is a minor, an incompetent person, or conservatee, letters may be granted to his or her guardian or conservator, or any other person entitled to letters, in the discretion of the court."

---

[1]Probate Code section 222: "If the decedent leaves no surviving spouse, but leaves issue, the whole estate goes to such issue; and if all of the descendants are in the same degree of kindred to the decedent they share equally, otherwise they take by right of representation."

[2]Probate Code section 422, subdivision (a)(1)-(10):

"(a) Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order:

"(1) The surviving spouse, or some competent person whom he or she may request to have appointed.

"(2) The children.

"(3) The grandchildren.

"(4) The parents.

"(5) The brothers and sisters.

"(6) The next of kin entitled to share in the estate.

"(7) The relatives of a previously deceased spouse, when such relatives are entitled to succeed to some portion of the estate.

"(8) The public administrator.

"(9) The creditors.

"(10) Any person legally competent."

Respondents challenge appellant's claim of eligibility under this section on two grounds: (1) that there was no written nomination of appellant by the minor children; and (2) that appointment as guardian ad litem is not sufficient to qualify appellant.

### (1) Was a nomination required?

Respondents contend that appellant must be nominated in writing by the minor children to be eligible under section 426. The authorities cited by respondent for this proposition (*Estate of Barrett* (1899) 6 Coffey's Prob. Dec. 398, and *Estate of Henry, supra,* 181 Cal.App.2d 173) construe sections 1365 and 1379 of the Code of Civil Procedure, now sections 422 and 423 of the Probate Code, rather than section 426, which is at issue in this case. Section 426 was derived from Code of Civil Procedure section 1368, not mentioned in the authorities cited by respondent.

Section 423 of the Probate Code sets forth a procedure for the nomination of administrators by nonresident relatives who are otherwise eligible to serve as administrators themselves.[3] Section 426, which concerns relatives who are ineligible to be administrators because of youth or incompetency, includes no such procedure for nomina- " ' "Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed." ' " (*Topps & Trowsers* v. *Superior Court* (1973) 31 Cal.App.3d 102, 105 [107 Cal.Rptr. 60], quoting *Richfield Oil Corp.* v. *Crawford* (1952) 39 Cal.2d 729, 735 [249 P.2d 600].) Both sections 423 and 426 concern appointment of persons as administrators in the place of relatives who are ineligible themselves.

Relatives ineligible solely because of nonresidency (§ 423) may be expected to be competent to nominate someone to act in their stead.

---

[3]Probate Code section 423: "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled or of a child, grandchild, parent, brother or sister of the decedent who would be entitled but for his nonresidence in California, filed in court. If the person making the request is a child, grandchild, parent, brother or sister of the decedent, the nominee shall have priority next after those in the class of the person making the request; otherwise the court, in its discretion, may appoint eithersuch nominee or a person of a class subsequent in rank to that of the person making the request; but other persons of the class of the person making the request shall have priority over such nominee."

[4]Probate Code section 426: "If a person otherwise entitled to administer is a minor, an incompetent person, or conservatee, letters may be granted to his or her guardian or conservator, or any other person entitled to letters, in the discretion of the court."

However, minors and the incompetent could not reasonably be expected to nominate an administrator; such a requirement would fail to recognize the very reason for the relatives' own ineligibility under section 426. Therefore, failure of the minor children to nominate appellant as administrator in writing does not dispose of appellant's claim to preference.

### (2) Can preference be asserted on the basis of a guardianship ad litem?

■  Appellant contends that appointment as a guardian ad litem made him eligible for preference in the issuance of letters of administration. The term "guardian" is defined in section 1400 of the Probate Code as "a person appointed to take care of the person or property of another." ■  A guardian ad litem is a "special guardian" rather than a "general guardian" of the person or estate. (Prob. Code, § 1401.) The procedure for the appointment of a guardian ad litem is generally less formal than that for the appointment of a general guardian. (Cf. Code Civ. Proc., §§ 372-373 with Prob. Code, § 1440 et seq.) A guardian ad litem, unlike a general guardian, is not required to swear an oath, receive letters of guardianship, or post a bond. (Code Civ. Proc., §§ 372-373; *In re Hathaway* (1896) 111 Cal. 270 [43 P. 754]; *Jones* v. *Alameda* (1927) 85 Cal.App. 607 [259 P. 976].) These differences are perhaps not significant as indications of legislative intent as to whether a guardian ad litem is entitled to priority as administrator of an estate in which his ward has an interest because, if priority is accorded, the same safeguards would come into play in the procedure for his appointment and qualification as administrator. (Prob. Code, §§ 540-541.) But another difference between the status of a general guardian and that of a guardian ad litem leads us to conclude that a guardian ad litem is not entitled to priority under Probate Code section 426. The Legislature has specified the order of preference for appointment as general guardian. (Prob. Code, § 1407.)[5] The order is similar to the order set forth in Probate Code section 422: preference is given first to the parents or persons designated by them,

---

[5]Probate Code section 1407:
"Of persons equally entitled in other respects to the guardianship of a minor, preference is to be given as follows:
"(1) To a parent;
"(2) To one who was indicated by the wishes of a deceased parent;
"(3) To one who already stands in the position of a trustee of a fund to be applied to the child's support;
"(4) To a relative;
"(5) If the child has already been declared to be a ward or dependent child of the juvenile court, to the probation officer of said court."

then to relatives and finally to representatives of the state. No order of preference is specified for the appointment of a guardian ad litem. A stranger, or a person low in right of succession, can be appointed guardian ad litem. If the guardian ad litem of a minor child were entitled to priority under Probate Code section 426, he would have a higher priority than everyone except the surviving spouse. ■ "The guardian is to be considered a member of the class to which his ward belongs and ahead of all lower classes, and the court has no discretion to appoint a person of an inferior class in preference to the guardian." (*Estate of Waltz* (1966) 244 Cal.App.2d 217, 222 [52 Cal.Rptr. 880].) Such a result would be contrary to the policy expressed in the specific priorities provided for administrators, with which the priorities for appointment of a general guardian are in accord.

■ We conclude that as appellant was not entitled to priority as administrator pursuant to Probate Code section 426, he was merely a "legally competent person" entitled to no priority over respondents. (Prob. Code, § 422.)

Appellant and respondents are each in class 10, specified in Probate Code section 422, subdivision (a)(10): "Any person legally competent." The court has discretionary power to choose between persons equally entitled to administer. (Prob. Code, § 425;[6] *Estate of Olcese* (1930) 210 Cal. 262 [291 P. 193]; *Estate of Selb* (1949) 93 Cal.App.2d 788, 791-792 [210 P.2d 45].) Where it appears from the record that appellant and respondents are of the same class, the decision of the trial court is not to be disturbed on appeal in the absence of a showing that the choice reflected an abuse of discretion. (*Estate of Woodcock* (1941) 48 Cal.App.2d 721 [120 P.2d 96].)

Affirmed.

Caldecott, P. J., and Paik, J.,* concurred.

---

[6]Probate Code section 425: "When there are several persons equally entitled to administer, the court may grant letters to one or more of them; and when a creditor is claiming letters the court, in its discretion, at the request of another creditor, may grant letters to any other person legally competent."

*Assigned by the Chairperson of the Judicial Council.