[No. A015572. First Dist., Div. Three. Jan. 17, 1985.]

OLIVIA CRAVEN, an Incompetent Person, etc., Plaintiff and Appellant, v. SYLVIA CROUT et al., Defendants and Respondents.

COUNSEL

Gillin, Jacobson & Wilson and Edwin J. Wilson, Jr., for Plaintiff and Appellant.

Gordon, DeFraga, Watrous & Pezzaglia and Allan DeFraga for Defendants and Respondents.

OPINION

SCOTT, Acting P. J.—Plaintiff appeals from an order and an amended order "periodicizing judgment" in her medical malpractice action against defendants.

In plaintiff's action against defendants, various health care providers, the jury rendered a special verdict in her favor, finding that she had sustained the following damages: medical expenses, $118,434.11; future medical expenses, $1.5 million; general damages, $100,000. The trial court reduced the total award by $600,000, the amount of a settlement between plaintiff and City of Richmond,[1] and ordered entry of judgment in favor of plaintiff and against defendants in the amount of $1,118,434.11. Judgment was entered on March 11, 1981; notice of entry of judgment was filed on March 19.

On May 5, almost two months later, defendants filed a request that the court enter a judgment ordering that future damages be paid by periodic payments pursuant to Code of Civil Procedure section 667.7.[2] On September 10, after a hearing, the trial court issued an order "periodicizing judgment," ordering payment of $600,000 over a period of nine and a half years, with the balance of the judgment to be paid on or before October 1, 1981. That order was amended by a second order filed on October 1. On November 5, plaintiff filed a notice of appeal from both orders.

Section 667.7 was enacted as part of the Medical Injury Compensation Reform Act of 1975 (MICRA). (Stats. 1975, Second Ex. Sess. 1975-1976, chs. 1, 2, pp. 3949-4007.) The section provides generally that when a plaintiff in a medical malpractice action obtains an award of "future damages" of $50,000 or more, the trial court, on motion of either party, shall enter a judgment providing for the periodic payment of those damages. (*American Bank & Trust Co.* v. *Community Hospital* (1984) 36 Cal.3d 359, 366-367 [204 Cal.Rptr. 671, 683 P.2d 670].)

Plaintiff contends that section 667.7 is unconstitutional because it denies equal protection to patients injured by health care providers. However, that

---

[1]The City of Richmond is not a party in this appeal.

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

argument was recently rejected by the Supreme Court. (*Id.,* at pp. 370-374.)

In the alternative, plaintiff argues that the trial court was without jurisdiction to order periodic payments more than 60 days after notice of entry of judgment was filed and the action was no longer pending within the meaning of section 1049.[3] Defendants urge that the trial court had continuing jurisdiction to enter an order modifying the judgment even though the time for filing an appeal had elapsed; defendants contend that it is impractical and unreasonable to require that a request for periodic payments be made, evidence presented on the issue, and an order issued within 60 days of notice of entry of judgment.

Despite the manner in which the parties have framed the issue in this case, however, the real question is whether the trial court had the power to modify the original judgment after its entry. A closely related question is whether defendants' request for periodic payments was timely.

The general rule is that once a judgment has been entered, the trial court loses its unrestricted power to change that judgment. The court does retain power to correct clerical errors in a judgment which has been entered. However, it may not amend such a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error. (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; *Rogers* v. *Hirschi* (1983) 141 Cal.App.3d 847, 850 [190 Cal.Rptr. 575]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 66, p. 3228.) This general rule is applicable even though time for appeal from the judgment has not yet passed. (See, e.g., *Morgan* v. *State Bd. of Equalization* (1949) 89 Cal.App.2d 674 [201 P.2d 859] [judgment entered for respondent; 30 days later, trial court, in apparent disregard of first judgment, enters a substantially different judgment; no evidence in record to show clerical error; held: court had no power to enter second judgment, which was therefore void and of no effect].)

Once judgment has been entered, the trial court does retain jurisdiction for a limited period of time to entertain and grant a motion for a new trial (§ 655 et seq.) or a motion for a judgment notwithstanding the verdict. (§ 629.) The court also retains jurisdiction to consider and grant a motion to vacate a judgment and enter a different judgment for either of two reasons: an incorrect or erroneous legal basis for the decision, not consistent

---

[3]Section 1049 provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

with or supported by the facts, or a judgment not consistent with or not supported by the special verdict. (§§ 663, 663a.) The court also retains jurisdiction to entertain and grant a motion for relief from a judgment taken against a party through mistake, inadvertence, surprise, or excusable neglect. (§ 473.)

In each of the foregoing situations, the court is explicitly authorized by the pertinent statute to change an entered judgment, provided certain conditions are satisfied. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 219, pp. 751-752.) In contrast, nothing in the language of section 667.7 authorizes a court to set aside one judgment awarding lump-sum damages and enter a different judgment ordering periodic payments. On the contrary, the only references in that statute to modification of a judgment are those authorizing or prohibiting modification of the periodic payment judgment itself. For example, the section provides that the periodic payment schedule shall be modifiable only if the plaintiff dies before all payments are due (§ 667.7, subd. (b)(1)), and that even if the plaintiff does die, the portion of future damages awarded for loss of future earnings shall be paid to persons to whom the plaintiff owed a duty of support at the time of his or her death (§ 667.7, subd. (c)).

■ Defendants direct our attention to section 85, which provides for installment payments of municipal or justice court money judgments. That section provides in relevant part that the court "may amend the terms and conditions for payment of the judgment or order at any time to provide for installment payments for good cause upon motion by a party and notice to all affected parties, regardless of the nature of the underlying debt and regardless whether the moving party appeared before entry of such judgment or order." Defendants reason that the power of the superior court to provide for periodic payments should not be more limited than that of the municipal or justice court to order installment payments.

However, by comparing section 85 to section 667.7, defendants have contributed to their own defeat, as they have ignored a fundamental rule of statutory construction. Where a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent. (*Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 8 [125 Cal.Rptr. 408]; *Topps & Trowsers* v. *Superior Court* (1973) 31 Cal.App.3d 102, 105 [107 Cal.Rptr. 60].) Section 85 explicitly authorizes the court to amend a municipal or justice court money judgment at any time, and regardless of whether the moving party appeared before entry of judgment. The fact that section 667.7 contains no similar language is an unmistakable

indication that the Legislature did not intend that section to authorize modification of an entered judgment.

■ If the trial court has no jurisdiction to render a new judgment ordering periodic payments after an initial lump-sum judgment has been entered, it necessarily follows that a party's request for periodic payment of future damages must be made prior to entry of any judgment in the action. In this case we need not decide precisely when during trial the motion for periodic payments is most appropriately made, as it is undisputed that defendants did not make such a request until after entry of the lump-sum judgment.

We note, however, that when trial is by jury, the clerk must enter judgment in conformity with the verdict within 24 hours after its rendition, unless the court orders the case to be reserved for argument or further consideration, or grants a stay of the proceedings. (§ 664.) Accordingly, whether a party moves for periodic payment of future damages before or immediately after the rendition of the jury verdict, that party should at the same time request that the court stay the clerk's entry of judgment until a periodic payment schedule has been formulated.

■ We note also that in a jury trial, the jury plays a critical role in determining whether the periodic payment procedure is an available option. In a jury trial, the trial court cannot formulate a periodic payment schedule pursuant to section 667.7 unless the jury has designated the portion of its verdict intended to compensate the plaintiff for future damages, and that amount equals or exceeds $50,000.[4] (*American Bank & Trust Co.* v. *Community Hospital, supra,* 36 Cal.3d at pp. 376-377.) Therefore, while a trial court may have jurisdiction to entertain a motion for periodic payment of future damages until judgment has been entered, it cannot grant such a motion in a jury trial unless the jury has identified the amount of damages subject to periodic payment.

In sum, in this case judgment was entered, followed by what in effect was a second, different judgment. Defendants did not move for relief from the first judgment pursuant to section 473, and we find nothing in the record before us which would support such a motion. Accordingly, the orders

---

[4]In addition, the *American Bank* court suggested that when the jury is asked to make a future damages finding, the plaintiff should be given the opportunity to seek additional special verdicts designating how much of the future damage award is intended to compensate the plaintiff for loss of future earnings, because if plaintiff dies before the judgment is fully paid, the future earnings component must continue to be paid to plaintiff's dependents. (*American Bank & Trust Co.* v. *Community Hospital, supra,* 36 Cal.3d at pp. 377-378, and fn. 14.)

"periodicizing judgment" are void and of no effect. (Cf. *Morgan* v. *State Bd. of Equalization, supra,* 89 Cal.App.2d at p. 682.)

The orders appealed from are reversed, and the trial court is directed to strike them from the record.

Barry-Deal, J., and Anderson, J.,* concurred.

A petition for a rehearing was denied February 15, 1985, and the opinion was modified to read as printed above.

---

*Assigned by the Chairperson of the Judicial Council.