6 Cal.App.4th 733 (1992)
8 Cal. Rptr.2d 414
In re KHALID H. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
TAE H. et al., Defendants and Appellants.
Docket No. D014701.
Court of Appeals of California, Fourth District, Division One.
April 30, 1992.
*735 COUNSEL
Scott A. Wahrenbrock, M. Elizabeth Handy and Charles Leland, under appointments by the Court of Appeal, for Defendants and Appellants.
Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, and Terri L. Richardson, Deputy County Counsel, for Plaintiff and Respondent.
Kenneth H. Stone, Thomas E. Nagle and Judith Ellen Ganz for Minors.
[Opinion certified for partial publication.[*]]
OPINION
NARES, J.
Tae H. (mother) and Leland C. (father) appeal an order of the juvenile court declaring their children, Khalid H. and Victoria C., dependents of the court under Welfare and Institutions Code[1] section 300. They also appeal from the dispositional order issued by the juvenile court removing the children from their home and placing them in foster care pursuant to section 361.5, subdivision (b)(1).
The mother claims the jurisdictional order must be reversed because the court's finding was not supported by sufficient evidence to establish that she suffered from a mental illness.
.... .... .... .... .... .... .... .[*]

DISCUSSION

I. THE JURISDICTIONAL ORDER IS SUPPORTED BY SUFFICIENT EVIDENCE
(1a) The mother asserts there is not competent evidence in the record to sufficiently support a finding that she suffered from a mental illness pursuant to section 300, subdivision (b). She argues the appropriate definition for "mental illness" is found under Civil Code section 232, prior to its revision by the Legislature in 1983. Civil Code section 232, subdivision (a)(6), requires the court to receive evidence from two expert witnesses (who must fulfill certain criteria) prior to terminating parental rights based on a parent's mental incapacity. Since the court did not hear from expert witnesses prior to issuing the jurisdictional order, the mother insists this order must be reversed. We conclude that the mother's proposed definition of "mental illness" within section 300 defies the rules of statutory construction and is *736 contrary to the legislative intent of section 300, which is to protect minors who face the risk of abuse and neglect by their parents.
(2) It is assumed that the Legislature has existing laws in mind when it enacts a statute. (Estate of McDill (1975) 14 Cal.3d 831, 837-839 [122 Cal. Rptr. 754, 537 P.2d 874].) (1b) When section 300 was enacted, Civil Code section 232 was in existence. Civil Code section 232, subdivision (a)(6), requires evidence from two experts who meet certain criteria set forth by Civil Code section 232 in order to terminate parental rights. The Legislature omitted evidentiary requirements in section 300, subdivision (b), with respect to "mental illness." However, section 361.5, subdivisions (b) and (c), which pertain to denial of reunification measures, explicitly require a court to determine by clear and convincing evidence "that the parent is suffering from a mental disability that is described in Section 232 of the Civil Code." In addition, section 361.5, subdivision (c), requires "mental health professionals" to provide "competent evidence" that such mental disability precludes the parent from participating in a reunification plan. Section 300 requires jurisdictional grounds to be proved by the preponderance of the evidence. Conversely, section 361.5, subdivisions (b) and (c), and Civil Code section 232 both require a "clear and convincing" standard of proof.
Since section 300, subdivision (b), does not contain a described formal procedure to determine if a parent suffers from a mental illness, we will not borrow one from another statute. (3) The Legislature is presumed to have meant what it said, and the plain meaning of the language will govern the interpretation of the statute. (Great Lakes Properties, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 155 [137 Cal. Rptr. 154, 501 P.2d 244].) (4) Where exceptions to a general rule are specified by statute, other exceptions will not be implied or presumed. (Wildlife Alive v. Chickering (1976) 18 Cal.3d 190, 195-196 [132 Cal. Rptr. 377, 553 P.2d 537].) (1c) We conclude that if the Legislature had intended to require section 300, subdivision (b), to adhere to a specific evidentiary scheme, it would have expressly designated one within the statute, as it has done in others. In limiting the interpretation of section 300, subdivision (b), to the plain language within, we preserve the legislative intent.
(5) When a statute omits a provision which another statute embracing a similar subject includes, a different legislative intent for each statute is indicated. (Hennigan v. United Pacific Ins. Co. (1975) 53 Cal. App.3d 1, 8 [125 Cal. Rptr. 408]; Craven v. Crout (1985) 163 Cal. App.3d 779, 783 [209 Cal. Rptr. 649].) (1d) In contrast to the purpose of Civil Code section 232 which terminates parental rights, section 300, subdivision (b), merely seeks to obtain jurisdiction over and thereby protect children who "are currently *737 ... being neglected, or being exploited, and to protect children who are at risk of that harm. This protection includes provision of a full array of social and health services to help the child and family and to prevent reabuse of children. That protection shall focus on the preservation of the family whenever possible." (§ 300, subd. (j).)
Unlike section 300, subdivision (b), section 232 of the Civil Code demands a more rigorous definition of mental illness, because its purpose is to permanently terminate parental rights, which are fundamental. Similarly, the purpose of section 361.5, subdivisions (b) and (c), is to deny a parent the services necessary to reunify the family. The goal of section 300, however, is to interfere with parental rights in order to protect children, assist the parents in eliminating the risk to their children through a reunification plan, and subsequently reunite the family. The mother's arguments would require us to ignore this legislative intent, and we therefore reject them.

II. THE DISPOSITIONAL ORDER MUST BE REVERSED
.... .... .... .... .... .... .... .[*]

DISPOSITION
The dispositional order is set aside, and the matter is remanded to the juvenile court for further proceedings in accordance with the above discussion.
Todd, Acting P.J., and Froehlich, J., concurred.
Appellants' petition for review by the Supreme Court was denied July 16, 1992.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.
[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.
[*] See footnote, ante, page 733.