Filed 9/17/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B301292 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 9PH05605) |
| v. | |
| GERALD R. KURIANSKI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Kawahara, Judge. Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen, Deputy Attorney General, and Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

When a petition to revoke parole is filed by the district attorney, a court is required by statute to "refer" the petition "to the parole officer" so that the officer (or the parole agency) can prepare a "written report" for the court to "read and consider" before "modify[ing]" or "revok[ing]" parole. (Pen. Code, § 1203.2, subd. (b)(1).)[1] When a parolee accepts a court's offer to admit a parole violation for a specified sentence and expressly waives his right to the preliminary and final parole hearings, has he waived his statutory right to have a preparation of a written report? We conclude the answer is "yes." We accordingly affirm the revocation order in this case.

## FACTS AND PROCEDURAL BACKGROUND

In May 2014, Gerald R. Kurianski (defendant)[2] pled no contest to being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and resisting an executive officer (§ 69), and admitted that his 2007 conviction for attempted robbery constituted a "strike" within the meaning of our Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, suds. (b)-(j)). The trial court sentenced defendant to state prison for four years.

On December 27, 2016, defendant was released on parole. As a condition of parole, he was required to keep the parole officer "inform[ed]" of his current residence.

On August 6, 2019, the Los Angeles District Attorney's Office filed a petition with the court seeking to revoke defendant's parole on the ground that he had absconded.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Defendant has also been referred to as Gerard R. Kurianski in various documents throughout the record.

On August 21, 2019, defendant was arraigned on the petition and denied its allegations. The court set the matter for a probable cause determination. The court did not refer the petition to the parole agency for preparation of a written report.

On September 3, 2019, on the date set for the probable cause determination, defendant moved the court to dismiss the petition on the ground that (1) defendant's parole agency had already imposed intermediate, remedial sanctions against him for the same conduct of absconding alleged in the petition, and (2) the imposition of those sanctions precluded the district attorney from filing a petition to revoke based on the same underlying conduct. The trial court denied the motion, noting that the statutory requirement that a court obtain a written report from the parole agency for any district attorney-filed petition constituted evidence that the Legislature contemplated such a petition even *after* the parole agency may have itself imposed sanctions. After the district attorney extended defendant his office's standard offer of 135 days of jail time, the court told defendant that he would "give him 60 days" in jail "[i]f he wants to resolve it today" by making an "open admission" to the parole violation. Defendant took the offer. After the district attorney explained that defendant would, by accepting the court's offer, give up his rights to a "probable cause hearing" and "a formal revocation hearing" at which he could confront and cross-examine witnesses, compel the attendance of witnesses, and remain silent, defendant agreed to give up those rights and admitted that he had absconded from parole supervision. The court then revoked and reinstated defendant's parole, but modified the terms of parole by imposing a 60-day jail sentence (with 38 days of credit).

3

Defendant did not expressly give up his right to have the parole agency prepare a written report.

Defendant filed this timely appeal.

## DISCUSSION

When a defendant released from prison and onto parole is suspected of violating the terms of his parole, a petition to modify or revoke parole may be filed with the court by either the "parole officer" or "the district attorney." (§ 1203.2, subd. (b)(1); *People v. Castel* (2017) 12 Cal.App.5th 1321, 1325 (*Castel*).) When such a petition is filed *by the parole officer*, the petition must "include a written report that contains additional information regarding the petition," including "the history and background of the parolee," "recommended sanctions," and the "reasons for [the] agency's determination that intermediate sanctions without court intervention . . . are inappropriate responses to the alleged violations." (§§ 1203.2, subd. (b)(1), 3000.08, subds. (d) & (f); Cal. Rules of Court, rule 4.541(c), (e); *Castel*, at p. 1323; *People v. Zamudio* (2017) 12 Cal.App.5th 8, 14 (*Zamudio*).) When a petition to modify or revoke is filed *by the district attorney,* however, it need not include a written report. (*Zamudio*, at pp. 15, 17.) Instead, the court must at some point thereafter "refer" the district attorney's petition "to the . . . parole officer," the officer or agency must prepare and transmit a "written report" discussing (among other things) the efficacy of intermediate sanctions, and the court must "read" and "consider" that report before "modify[ing]" or "revok[ing]" parole. (§ 1203.2, subd. (b)(1); *Castel*, at pp. 1325-1326, 1328; *Zamudio*, at p. 15; *People v. Minor* (2010) 189 Cal.App.4th 1, 22-23 [report need not be formally admitted into evidence].)

4

In this case, the petition to revoke parole was filed by the district attorney and the court did not refer that petition to the parole agency for a report before it accepted defendant's admission to a parole violation during the hearing that was originally set for the probable cause determination. Defendant claims that the court's failure to follow the above outlined statutory procedure constitutes an abuse of discretion that invalidates the court's revocation and reinstatement of his parole. (*People v. Hubbart* (2001) 88 Cal.App.4th 1202, 1227 [decision to revoke parole involves exercise of "broad" power]; see *People v. Butcher* (2016) 247 Cal.App.4th 310, 318 [decision to revoke probation reviewed for an abuse of discretion]; *People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 746 [trial court abuses its discretion when its "decision rests on an error of law"].) This case therefore presents the question: Does a defendant who expressly waives his right to all further revocation hearings in order to admit a parole violation and thereby obtains the benefit of a specific disposition also waive his statutory right to have the court obtain the written input of the parole agency regarding appropriate disposition(s)?[3]

We conclude that the answer to this question is "yes," and do so for two interlocking reasons.

---

[3] Although defendant's appeal is likely moot because he has already served the 60-day jail sentence and is also very likely no longer on parole (e.g., *People v. DeLeon* (2017) 3 Cal.5th 640, 645-646 (*DeLeon*) [revocation of parole, without more, does not have collateral consequences that obviate mootness]), we exercise our discretion to retain jurisdiction because this case presents an "issue[] of . . . public interest that [is] likely to recur." (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1079, fn. 3.)

5

First, a defendant's express waiver of his constitutional and statutory rights to a preliminary, probable cause hearing and a formal revocation hearing in order to obtain a specific disposition necessarily—albeit implicitly—includes a waiver of his statutory right to have the trial court refer the district attorney's petition to the parole agency to obtain that agency's input regarding the appropriate disposition. As the information to be disclosed in the agency's written report makes clear (§§ 1203.2, subd. (b)(1), 3000.08, subds. (d) & (f); Cal. Rules of Court, rule 4.541(c), (e)), the whole point of requiring the court to request—and the agency to prepare—that written report is to provide the court with information bearing on whether revocation or modification of parole is warranted and, if it is, how the terms of parole should be changed. But where, as here, the defendant has elected to admit that he has violated the terms of his parole in order to obtain a specific disposition, requiring the parole agency to prepare that report would serve no purpose because the disposition has already been fixed by agreement. Requiring preparation of the report—either before or after the admission— would be "redundantly meaningless." (See *People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 401-408 [criminal defendant's plea and express waiver of right to appeal implicitly waives statutory right to seek appeal through certificate-of-appealability process].) This is undoubtedly why, prior to 1996, a defendant's decision to press forward with resentencing without a statutorily mandated probation report did not invalidate that resentencing. (*People v. Oseguera* (1993) 20 Cal.App.4th 290, 293-294, superseded by § 1203, subd. (b)(4).) The case for implicit waiver is even stronger here, where we know that the defendant was aware of the statutory requirement of seeking the parole

agency's input because the court and defendant's own attorney discussed it at various points during the very same hearing where defendant admitted the parole violation.

Second, a defendant's waiver of the right to insist that the trial court refer the district attorney's petition to the parole agency and consider the agency's responsive report need not be express.  This particular right is solely *statutory*.  (§ 1203.2, subd. (b)(1); see *People v. Dobbins* (2005) 127 Cal.App.4th 176, 182 (*Dobbins*) [right to supplemental probation report is purely statutory].)  To be sure, a defendant has a *constitutional* due process right to a "preliminary" revocation hearing as well as the "opportunity for a final hearing" (*DeLeon*, *supra*, 3 Cal.5th at pp. 644, 653-655), but defendant here expressly waived that right when he admitted his violation.  However, the contours of defendant's statutory right to a report under section 1203.2 is, like all statutory rights, defined by the plain text of the statute itself.  (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232-1233.)  Section 1203.2 is silent as to how a defendant may waive his right to have the trial court obtain a report regarding district-attorney-filed petitions for revocation of *parole*, but our Legislature has, since 1996, required the defendant's waiver of his right to a *probation* report be through "written stipulation" or "oral stipulation in open court."  (§ 1203, subd. (b)(4); *Dobbins*, at p. 182.)  Given the close relationship between revocations of parole and probation, our Legislature's decision to require an express waiver for one but not the other strongly evinces its intent that waivers of parole reports in these situations may be express *or implicit*.  (*In re Khalid H.* (1992) 6 Cal.App.4th 733, 736 ["When a statute omits a provision which another statute embracing a similar subject includes, a different legislative intent for each

7

statute is indicated."].)  Because both statutes governing revocation of probation and parole use the word "shall," defendant's observation that section 1203.2 uses the word "shall" does not detract from our analysis.

## DISPOSITION

The order is affirmed.

**<u>CERTIFIED FOR PUBLICATION</u>**.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ