
**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

## PEOPLE OF GUAM
Plaintiff-Appellee,

**v.**

## BRANTY WALLIBY aka Branty Waliby,
Defendant-Appellant.

Supreme Court Case No. CRA24-007
Superior Court Case No. CF0725-22

## OPINION

## Cite as: 2024 Guam 13

Appeal from the Superior Court of Guam
Argued and submitted on October 22, 2024
Hagåtña, Guam

Appearing for Defendant-Appellant:
Terry E. Timblin, *Esq.*
Law Office of Terry E. Timblin, PC
Ada's Capitol Plaza Bldg.
120 Father Duenas Ave., Ste. 105B
Hagåtña, GU 96910

Appearing for Plaintiff-Appellee:
Nathan M. Tennyson, *Esq.*
Acting Deputy Attorney General
Office of the Attorney General
Appellate & Writing Division
590 S. Marine Corps Dr., Ste. 802
Tamuning, GU 96913


**E-Received**
12/26/2024 5:28:43 PM

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**CARBULLIDO, J.:**

[1]     Defendant-Appellant Branty Walliby appeals a final judgment convicting him of manslaughter as a first-degree felony and misdemeanor assault. Walliby argues that—because he is a first offender—the trial court erred when it sentenced him to twenty years' incarceration for manslaughter, the maximum term under the general felony sentencing statute, 9 GCA § 80.30. This sentence exceeds the fifteen-year maximum term under the first-offender sentencing statute, 9 GCA § 80.31. Plaintiff-Appellee People of Guam argue section 80.31's terms are not mandatory, and the court was within its discretion when sentencing Walliby to twenty years' incarceration for manslaughter. We hold that 9 GCA § 80.31 limits a court's discretion when sentencing first offenders convicted of a felony. Therefore, we conclude that Walliby's sentence exceeds the statutory maximum and is illegal. We vacate Walliby's sentence and remand for resentencing.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[2]     A jury found Walliby guilty of manslaughter as a first-degree felony, aggravated assault as a second-degree felony, and assault as a misdemeanor. The parties do not dispute that Walliby is a first offender. Both parties' sentencing memoranda indicated that Walliby's maximum sentence would be sixteen years: a fifteen-year maximum for the felony as a first offender and a one-year maximum for the misdemeanor.

[3]     At Walliby's sentencing hearing, contrary to their sentencing memorandum, the People argued that the maximum sentence was 21 years. The People cited the five-to-twenty-year sentencing range for a first-degree felony under section 80.30 and the one-year maximum for a misdemeanor under 9 GCA § 80.34. While the People recognized that sentencing under

section 80.31's first-offender framework would change the maximum to sixteen years, they contended it was within the court's discretion to sentence Walliby under the general sentencing statute 9 GCA § 80.30(a) instead. At the hearing, defense counsel maintained that section 80.31 sets the mandatory maximum sentencing parameters for first offenders.

[4]    At sentencing, the trial court stated that it could "theoretically" sentence Walliby under section 80.31 because he had no prior convictions. Transcript ("Tr.") at 10 (Sentencing Hr'g, Mar. 28, 2024). However, the trial court ultimately sentenced Walliby to twenty years' incarceration for manslaughter and one year for assault, with credit for time served and to run consecutively. The trial court dismissed the charge of aggravated assault without prejudice as a lesser included offense of manslaughter. Walliby timely appealed.

## II.  JURISDICTION

[5]    This court has jurisdiction over an appeal from a final judgment of the Superior Court of Guam. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 118-157 (2024)); 7 GCA §§ 3107(b), 3108(a) (2005); 8 GCA §§ 130.10, 130.15(a) (2005).

## III.  STANDARD OF REVIEW

[6]    "We review the legality of a sentence *de novo*." *People v. Robert*, 2019 Guam 2 ¶ 6. We may correct an illegal sentence at any time. 8 GCA § 120.46 (2005). Whether 9 GCA § 80.31(a) mandates that first offenders shall not be sentenced to more than fifteen years for a first-degree felony is an issue of statutory interpretation subject to *de novo* review. *See People v. Anastacio*, 2010 Guam 18 ¶ 10; *People v. Manila*, 2018 Guam 24 ¶ 7 ("Reviewing the imposed sentencing terms also requires statutory interpretation which we review *de novo*." (quoting *People v. Manibusan*, 2016 Guam 40 ¶ 12)).

## IV. ANALYSIS

**[7]**     Walliby asks this court to set aside his sentence and remand the matter to the trial court for a new sentence of no more than sixteen years.  Appellant's Br. at 9 (June 13, 2024).  We must determine whether the trial court unlawfully sentenced Walliby to twenty years' imprisonment, the maximum under 9 GCA § 80.30(a), instead of adhering to the first offender maximum term of fifteen years' imprisonment in 9 GCA § 80.31(a).  We conclude that it did.

**[8]**     The People argue that section 80.31 is discretionary and frame the issue as whether the trial court abused its discretion.  Appellee's Br. at 1 (July 15, 2024).  A sentence based on a legal error constitutes an abuse of discretion.  *Manila*, 2018 Guam 24 ¶ 7.  Walliby's twenty-year sentence exceeds the fifteen-year maximum for first offenders convicted of a first-degree felony under 9 GCA § 80.31.  The trial court based this sentence on its determination that section 80.31's terms are permissive rather than mandatory.  *See* Tr. at 10-11 (Sentencing Hr'g).  As we explain in this opinion, the trial court's finding was a legal error.  *See People v. Moses*, 2007 Guam 5 ¶ 53 (holding that sentencing beyond statutory limits is an error of law); *People v. Bosi*, 2022 Guam 15 ¶ 66 ("The concept of discretion implies that a decision is lawful at any point within the outer limits of the range of choices appropriate to the issue at hand; at the same time, a decision outside those limits exceeds or, . . . 'abuses' allowable discretion." (quoting *Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir. 1987))).  We hold that the sentencing limits of section 80.31 are mandatory.  Sentencing Walliby to an incarceration term beyond the limits of section 80.31 was illegal and not within the trial court's discretion.

### A.  The Language of 9 GCA § 80.31 Is Ambiguous

**[9]**     Walliby asks this court to reconsider our previous statement that the language of 9 GCA § 80.31 is "unambiguous and leaves sentencing up to the discretion of the court."  Appellant's Br.

at 6-7 (quoting *People v. Joshua*, 2015 Guam 32 ¶ 32). As Walliby correctly states, this language was dicta. Appellant's Reply Br. at 1 n.1 (July 25, 2024); *see also Joshua*, 2015 Guam 32 ¶ 33 ("Regardless of the court's statutory interpretation, the court still sentenced Joshua within the first offender durational guidelines of section 80.31."). Thus, we are not bound by *Joshua*'s statements about section 80.31 as they were not essential to the outcome of that case. *Underwood v. Guam Election Comm'n*, 2006 Guam 17 ¶ 37 ("Dicta—as opposed to a court's holdings—have no binding effect in subsequent proceedings in the same (or any other) case." (quoting *Mun. of San Juan v. Rullan*, 318 F.3d 26, 28 n.3 (1st Cir. 2003))). As the issue is now squarely before the court, we must make our determination in the first instance.

[10]    We begin our review with the statutory text of section 80.31 to determine its plainness or ambiguity. *San Agustin v. Superior Court*, 2024 Guam 2 ¶ 16 (quoting *In re Estate of Leon Guerrero*, 2023 Guam 10 ¶ 27; *In re Guardianship of Moylan*, 2021 Guam 15 ¶ 36); *Joshua*, 2015 Guam 32 ¶ 31. We make this determination based on the statute's language, the context in which it is used, and the broader context of the statute as a whole, including its object and policy. *San Agustin*, 2024 Guam 2 ¶ 16 (quoting *In re Guardianship of Moylan*, 2021 Guam 15 ¶ 36). "A statute is ambiguous if, after this analysis, 'its terms remain susceptible to two or more reasonable interpretations.'" *Id.* (quoting *In re Estate of Leon Guerrero*, 2023 Guam 10 ¶ 45).

[11]    Section 80.31 provides:

> In the cases to which § 80.30 is applicable as to the sentencing of the person, a person who has not previously been convicted of a criminal offense and has been convicted of a felony for the first time *may* be sentenced to imprisonment as follows:
>
> > (a) In the case of a felony of the first degree, the court *shall* impose a sentence of not less than three (3) years and not more than fifteen (15) years.

9 GCA § 80.31(a) (2005) (emphases added). In *Joshua*, we focused on the preliminary term "may" when we stated that section 80.31 is discretionary. 2015 Guam 32 ¶ 32. This interpretation was reasonable. However, the phrase "may . . . as follows" coupled with the use of "shall" in subsection (a) can reasonably be read as limiting a sentencing court's discretion to the subsequently listed mandatory ranges. *See* 9 GCA § 80.31(a). Thus, the statutory language is ambiguous.

## B. The Statutory Scheme Shows a Legislative Intent for 9 GCA § 80.31's Terms to Be Mandatory

[12]     We examine the entire statutory scheme for guidance on whether the legislature intended section 80.31(a) as mandatory or discretionary sentencing terms for first offenders. *See Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 14 ("[W]e look to the meaning of the entire statutory scheme containing the provision for guidance."); *In re Request of I Mina'Trentai Dos Na Liheslaturan Guåhan*, 2014 Guam 24 ¶ 13. To determine legislative intent, we read the statute as a whole, including its object and policy, *Gov't of Guam v. 162.40 Square Meters of Land*, 2011 Guam 17 ¶ 27 (per curiam), and construe the section in conjunction with other sections, *Sumitomo Constr., Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17. We interpret statutes consistently when possible and "give effect to all provisions." *In re Request of Liheslaturan Guåhan*, 2014 Guam 24 ¶ 13; *People v. Taisacan*, 2023 Guam 19 ¶ 19 ("[S]tatutory construction should avoid rendering statutory language redundant or superfluous 'unless no other construction is reasonably possible.'" (quoting *Miller v. Westfield Ins. Co.*, 606 N.W.2d 301, 305 (Iowa 2000))). We presume the legislature intended the same language used in different but related statutes to have the same meaning. *See Garibotti v. Hinkle*, 197 Cal. Rptr. 3d 61, 66 (Ct. App. 2015); *In re Bittaker*, 64 Cal. Rptr. 2d 679, 682 (Ct. App. 1997) ("To understand the intended meaning of a statutory phrase, we

may consider use of the same or similar language in other statutes, because similar words or phrases in statutes [on the same subject] ordinarily will be given the same interpretation.").

**1. We construe sections 80.30, 80.31, and 80.32 in conjunction with each other**

[13] Guam Public Law 14-143 (Sept. 29, 1978) enacted today's versions of 9 GCA §§ 80.30 through 80.32. Before 1978, no law provided special sentencing provisions for first offenders. *See generally* Guam Penal Code (1953); Guam Crim. & Corr. Code (1977). This portion of the sentencing scheme enacted by P.L. 14-143 remains in place today, with the language and structure of sections 80.30 and 80.31 being strikingly similar. *Compare* 9 GCA § 80.30 (2005), *with* 9 GCA § 80.31.

**§ 80.30. Duration of Imprisonment.**

Except as otherwise provided by law, *a person who has been convicted of a felony may be sentenced to imprisonment as follows*:

(a) *In the case of a felony of the first degree, the court shall impose a sentence of not less than* five (5) *years and not more than* twenty (20) *years*;

(b) *In the case of a felony of the second degree, the court shall impose a sentence of not less than* three (3) *years and not more than ten (10) years; and*

(c) *In the case of a felony of the third degree, the court may impose a sentence of not more than* five (5) *years.*

9 GCA § 80.30 (emphases added).

**§ 80.31. Prison Terms for First Offenders.**

In the cases to which § 80.30 is applicable as to the sentencing of the person, *a person who* has not previously been convicted of a criminal offense and *has been convicted of a felony* for the first time *may be sentenced to imprisonment as follows:*

(a) *In the case of a felony of the first degree, the court shall impose a sentence of not less than* three (3) *years and not more than* fifteen (15) *years;*

>    (b) *In the case of a felony of the second degree, the court shall impose a sentence of not less than* one (1) year *and not more than* eight (8) *years; and*

>    (c) *In the case of a felony of the third degree, the court may impose a sentence of not more than* three (3) *years.*

9 GCA § 80.31 (emphases added). Based on the similarity of their structure and terms, we conclude that the legislature purposely mirrored the language of section 80.30 in section 80.31. *See* P.L. 14-143:10-11. Reading the statutory scheme consistently and as a whole, and because the legislature enacted these sections in tandem, we conclude the legislature intended the same language used in both sections to have the same meaning. Thus, sections 80.30 and 80.31 are either both mandatory sentencing terms or permissive sentencing guidelines.

### a. The statutory scheme suggests a legislative intent for sections 80.30 and 80.31's terms to be mandatory

[14]    Like section 80.31, section 80.30's language is ambiguous as it could similarly be read as setting discretionary or mandatory terms. To resolve this ambiguity, we consider evidence of legislative intent in the broader context of the statutory scheme as a whole. The statutory scheme's definitions and stated purposes sections provide guidance for interpreting unclear statutory sections. First, the legislature defined "shall" as mandatory and "may" as permissive. 9 GCA § 1.48 (2005). However, that directive does not solve the ambiguity of using a vague mixture of both "shall" and "may" in the same section.

[15]    Second, the legislature codified their intent with regard to how the Criminal and Correctional Code (Title 9 of the Guam Code Annotated) should be construed:

>    The provisions of this Code shall be construed according to the fair import of their terms, but *when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this Section* and the special purposes of the particular provision involved. The discretionary powers conferred by this Code shall be exercised in accordance with the criteria stated in

the Code and, insofar as such criteria are not decisive, to further the general purposes stated in this Section.

9 GCA § 1.14(c) (2005) (emphasis added). Thus, we should favor a construction that furthers the stated statutory purposes.

[16] Whether the legislature intended section 80.30's general felony sentencing terms as mandatory clarifies whether they intended section 80.31's first offender felony sentencing terms as mandatory when they mirrored section 80.30's structure and language in section 80.31. As directed, we construe these sentencing statutes to further "safeguard offenders against excessive, disproportionate, or arbitrary punishment" and "give fair warning of the nature of the sentences that may be imposed on conviction of an offense," as well as the other stated purposes. *See* 9 GCA § 1.14(b). Construing section 80.30's general felony sentencing terms as mandatory is more consistent with these statutory purposes. Namely, permitting courts to exceed statutory maximums would allow courts to excessively, disproportionately, and arbitrarily punish offenders. Allowing courts to sentence outside the statute's ranges would provide no fair warning of potential sentences because offenders could be imprisoned for any term the court wishes. Thus, we interpret section 80.30's general felony sentencing terms as mandatory. Based on the legislature's use of the same structure and language in section 80.31, we conclude that the first offender terms in section 80.31 are also mandatory.

[17] Additionally, because section 80.30's general sentencing terms are mandatory, reading section 80.31 as discretionary would render parts of the statute superfluous. Section 80.30 requires a court to sentence an offender convicted of a first-degree felony to no more than twenty years' imprisonment unless otherwise provided by law. 9 GCA § 80.30. If section 80.31(a) is merely permissive, including the maximum term would be superfluous. Necessarily, the fifteen-year maximum term for sentencing a first offender convicted of a first-degree felony under

section 80.31(a) is already included in the twenty-year maximum under section 80.30(a).  If the first offender statute were meant to be discretionary, the legislature would have only needed to provide the optional lower minimum of three years compared to section 80.30(a)'s mandatory minimum of five years.  Giving effect to all provisions of the statute, we interpret section 80.31(a) as setting compulsory upper and lower limits in sentencing.

[18]     Other provisions of the statutory scheme strengthen our conclusion.  The statutory scheme reflects a general legislative intent to enact special sentencing provisions for first offenders.  *See* P.L. 14-143:7, 8, 11.  For instance, the legislature provided that "in the case of an offender not previously convicted . . . the provisions . . . prohibiting probation, suspension, parole or work release *shall not* be applicable to such offender."  P.L. 14-143:7, 8 (emphasis added) (codified at 9 GCA §§ 37.20(b), 43.20(b) (2005)).  These provisions demonstrate a consistent legislative intent to make these more lenient sentences mandatory.  When sentencing a first offender convicted of a first-degree felony, the court must sentence them under section 80.31(a) rather than section 80.30(a).  *See Camacho v. Estate of Gumataotao*, 2010 Guam 1 ¶ 19 (stating that it is a "well-settled principle of statutory construction that a narrower, more specific provision of a statute takes precedence over a more general provision of the same statute with respect to the same subject matter").

### b.  Construing section 80.31's terms as mandatory does not render section 80.32 mandatory or section 80.30 superfluous

[19]     The People argue that reading the first offender terms under section 80.31 as mandatory would mean section 80.32's extended terms must also be mandatory, rendering the general sentencing terms under section 80.30 superfluous.  Appellee's Br. at 10-11.  This is not the case.  The difference between their terms provides more evidence the legislature intended section 80.31 to be mandatory and section 80.32 to be permissive.  Unlike sections 80.30 and 80.31, the

legislature omitted the word "shall" in the subsections of section 80.32. *Compare* 9 GCA §§ 80.30, 80.31, *with* 9 GCA § 80.32 (2005).

### § 80.32. Extended Terms Allowed.

> *In the cases designated in §§ 80.38 and 80.42*, a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
> > (a) In the case of a felony of the first degree, for a sentence of life imprisonment;
>
> > (b) In the case of a felony of the second degree, the court *may* impose a sentence of not less than five (5) and not more than twenty (20) years; *or*
>
> > (c) In the case of a felony of the third degree, the court *may* impose a sentence of not less than three (3) years and not more than ten (10) years.

9 GCA § 80.32 (emphases added). Section 80.32 contains no mandatory terms or language. *See id.* Its exclusive use of "may" reflects a legislative intent to set a permissive guideline rather than mandatory terms.

[20] Further, being a repeat offender alone is insufficient to satisfy section 80.32. *See id.* Its referenced sections, sections 80.38 and 80.42, provide particular instances when a court may impose an extended term. 9 GCA §§ 80.32, 80.38, 80.42 (2005). Under section 80.38, if the court wanted to sentence an offender to an extended term, the court first had to find at least one of the grounds listed in the statute on the record. 9 GCA § 80.38, *invalidated by People v. Muritok*, 2003 Guam 21 ¶ 47.[1] Section 80.32's other referenced section, section 80.42, requires that a petition for an extended sentence first come from the Director of Corrections, and if the court wishes to extend the sentence, it must first make specific findings on the record as provided in the statute and on the bases provided in the statute. 9 GCA § 80.42. Section 80.32 did not mandate that the court

---

[1] In 2003, we struck down section 80.38—which allowed the sentencing court to make findings to support an extended term—as unconstitutional. *People v. Muritok*, 2003 Guam 21 ¶ 47. This finding that the process for imposing an extended sentence was constitutionally infirm does not affect our analysis of the legislative intent behind the language used in the comprehensive statutory scheme enacted by P.L. 14–143.

make any of these findings or even require the court to sentence an offender to an extended term had the court made any of these findings. *See* 9 GCA § 80.32. Based on its terms and the statutory scheme, we conclude that the legislature intended section 80.32 to be an optional exception to section 80.30. Our finding that section 80.31 is mandatory does not render section 80.32 mandatory or section 80.30 superfluous.

[21]   In contrast, section 80.30 applies every time a person is convicted of a felony, "except as otherwise provided by law." 9 GCA § 80.30. A felony conviction alone is sufficient to trigger section 80.30's terms—but with exceptions, which include being a first offender. By its terms, section 80.31 applies every time section 80.30 applies and the offender "has not previously been convicted." 9 GCA § 80.31. Therefore, when sentencing a first offender convicted of a felony, a trial court must sentence them according to section 80.31's terms, unless another law provides a more specific sentencing mandate. *See* 9 GCA § 80.31.

[22]   The contrasting language of these sections reflects a legislative intent to provide discretionary extended terms in section 80.32 and mandatory terms in sections 80.30 and 80.31. Had the legislature intended for section 80.31 to be permissive rather than mandatory, the legislature would have mirrored the permissive scheme of section 80.32 rather than the mandatory language of section 80.30. *See Craven v. Crout*, 209 Cal. Rptr. 649, 652 (Ct. App. 1985) ("Where a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent."); *Walt Disney Parks & Resorts U.S., Inc. v. Superior Court*, 230 Cal. Rptr. 3d 811, 816 (Ct. App. 2018) ("Where, as here, the Legislature has chosen to include a phrase in one provision of the statutory scheme, but to omit it in another provision, we presume that the Legislature did not intend the language included in the first to be read into the second.").

**[23]** Reading the statute as a whole, we conclude that the legislature intended for 9 GCA § 80.31 to be a mandate, not a guideline the court could, in its discretion, follow or not. The phrase "may be sentenced . . . as follows," coupled with the term "shall," reflects a legislative intent to set a mandatory term for first offenders convicted of a first-degree felony, unless otherwise provided by law. Thus, any time a first offender has been convicted of a felony and no law otherwise provides for particular sentencing for the offense, the court *must* sentence the defendant under the lesser sentencing ranges in 9 GCA § 80.31.

## V. CONCLUSION

**[24]** The language of 9 GCA § 80.31 is ambiguous and requires inspection beyond its plain meaning. We conclude that the legislature intended 9 GCA § 80.31(a) to set mandatory parameters the court must follow when sentencing first offenders convicted of a first-degree felony. Therefore, Walliby's twenty-year sentence for manslaughter, exceeding the fifteen-year statutory maximum under 9 GCA § 80.31, is illegal. We **VACATE** Walliby's sentence and **REMAND** for resentencing consistent with this opinion.



/s/  
F. PHILIP CARBULLIDO  
Associate Justice

/s/  
KATHERINE A. MARAMAN  
Associate Justice

/s/  
ROBERT J. TORRES  
Chief Justice