[Civ. No. 14715. Third Dist. Nov. 14, 1975.]

J. DAVID HENNIGAN, Plaintiff and Appellant, v.
UNITED PACIFIC INSURANCE COMPANY,
Defendant and Appellant.

## COUNSEL

J. David Hennigan, in pro. per., and Hennigan, Butterwick & Clepper for Plaintiff and Appellant.

Johnson & Stanton and Gardiner Johnson for Defendant and Appellant.

## OPINION

**EVANS, J.**—Defendant United Pacific Insurance Company appeals from an order denying in part a motion for new trial made pursuant to section 914 of the Code of Civil Procedure,[1] and from the judgment

[1]Section 914 of the Code of Civil Procedure provides: "When the right to a phonographic report has not been waived and when it shall be impossible to have a

entered in favor of plaintiff J. David Hennigan. Plaintiff Hennigan cross-appeals from the order granting the partial new trial.

In February 1962, defendant executed surety bonds in connection with an attachment levied against the bank account of E. T. and Roberta Latta. The action against the Lattas resulted in judgment in their favor. Following judgment, the Lattas demanded payment from defendant for wrongful attachment, which demand was refused. Thereafter, the Lattas assigned their claim against United Pacific to Hennigan who instituted this action in Sutter County. On August 26, 1971, following trial without jury, the court rendered its intended decision in favor of plaintiff in the amount of $17,500. Defendant requested findings of fact and conclusions of law; they were submitted by plaintiff to the court during January 1973. In February 1973, defendant, following a contact with the court reporter, ascertained that the reporter's notes had been lost and a transcript of the proceedings was unavailable. On March 30, 1973, defendant filed a motion for dismissal and/or new trial pursuant to section 914 of the Code of Civil Procedure, contending the loss of the reporter's notes prejudiced defendant's rights to file objections and prepare counter-findings, and prevented an appeal on the merits. The motion was denied. On September 19, 1973, defendant filed objections and counterfindings; on January 31, 1974, the court signed and filed findings of fact and conclusions of law, and on March 19, 1974, filed judgment in plaintiff's favor for $17,500.

On March 28, defendant again made a motion for new trial pursuant to section 914 of the Code of Civil Procedure. Following hearing on the motion, the court granted the motion on the issue of damages only and denied the motion on the question of liability. The court's order granting the motion for a partial new trial stated as follows:

"The Motion for New Trial is made on the primary ground that the Court Reporter is unable to prepare a transcript. His declaration is on file and reference is made thereto.

---

phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule, because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding."

"The Court's recollection of the testimony and facts presented is very dim and the Court feels unable to take the time for preparation of a 'statement of facts.'

"However, the Court feels very strongly that the question of liability was quite clear and the only reason for testimony and argument was over the question of damages. The Court will grant the Motion for New Trial on the issue of damages only."

■   Plaintiff contends in the cross-appeal that a litigant may not twice move for a new trial, once before and again after entry of judgment. Defendant's appeal contends that section 914 of the Code of Civil Procedure precludes the grant of a *partial* new trial. We shall first discuss the cross-appeal.

I

Section 659 provides in pertinent part: "The party intending to move for a new trial must file with the clerk and serve upon each adverse party a notice of his intention to move for a new trial, . . . *either* [¶] 1. Before the entry of judgment; *or* [¶] 2. Within 15 days of the date of mailing notice . . . ." (Italics added.) Plaintiff asserts that the use of the disjunctive provides alternative procedures only and precludes a motion for new trial both before the entry and within 15 days after mailing notice of the judgment.

The use of the disjunctive in statutory provisions has been the cause of consternation to litigants and courts. It has been frequently held that the word "and" is often substituted for the word "or" in order to arrive at the true meaning of a statute. (*Arnold* v. *Hopkins* (1928) 203 Cal. 553, 562 [265 P. 223]; *H. Laughlin E. Corp.* v. *J. W. Leavitt & Co.* (1931) 116 Cal.App. 197 [2 P.2d 511]; *McNeil* v. *Graner* (1949) 91 Cal.App.2d 858, 864 [206 P.2d 38].) The interpretation of terms in any particular case is controlled by the context of the writing or statute and the whole of the statute must be examined. (*Heidelbaugh* v. *Miller* (1954) 126 Cal.App.2d 35, 40 [271 P.2d 557].) The Supreme Court in *Arnold* v. *Hopkins, supra,* 203 Cal. at page 563, stated: "[T]he use or misuse of the words 'or' and 'and' interchangeably in legislation has been the subject of frequent animadversion on the part of courts; so much so, in fact, that the solution of the question as to whether the framers of a law intended, whichever of these words was used, to mean 'or' or 'and' has come to depend almost wholly upon the context in which one or the other of these words appears

and the reasons underlying the legislation and which would be conserved by the use of disjunctive or conjunctive forms of speech regardless of the particular word employed. This was made plain by this court in the case of *Washburn* v. *Lyons,* 97 Cal. 314 [32 Pac. 310], wherein the word 'and' in a statute was construed to mean 'or'; and was quite clearly stated and argued with much citation of authority in the case of *Abbey* v. *Board of Directors, etc.,* 58 Cal.App. 757 [209 Pac. 709], wherein the word 'or' was construed to mean 'and' in order to carry out the legislative intent."

Applying the foregoing to the statutory provision in question, and viewing it in its total context, we are satisfied that an alternative disjunctive procedure was not intended by the legislative enactment. We are fortified in this determination by *Taormino* v. *Denny* (1970) 1 Cal.3d 679 [83 Cal.Rptr. 359, 463 P.2d 711]. Although factually dissimilar to the instant proceeding, the court there approved of motions for new trial made both before and after entry of judgment; and the *Taormino* decision refutes the argument that section 659 of the Code of Civil Procedure provides for exclusive alternative times for only a single motion for new trial.

Furthermore, even though it was not argued by the parties, there is another independent reason for rejecting this contention. Regardless of what interpretation might be placed upon the "either or" provisions of section 659 of the Code of Civil Procedure, that section is not controlling. The new trial was granted upon section 914 of the Code of Civil Procedure, which is not and never has been a part of the general statutory provisions for new trial (commencing with Code. Civ. Proc., § 655). Section 914 is a part of the laws dealing with civil appeals, and thus conceptually different from the laws relating to new trial. It is not governed by the time limitation on ordinary new trial motions; indeed, as the last sentence of section 914 unequivocally indicates (see *infra),* an appellant may file a notice of appeal on the 60th day after judgment (long after the time for a new trial motion has passed), order a transcript, find in due time that the reporter cannot furnish a transcript, and still move for a new trial under section 914. Thus, the provisions of section 659 are inappropriate to the motion and order under section 914 in this case.

Plaintiff additionally argues that the denial of the original motion for new trial is res judicata, requiring denial of the second motion. The law is clearly to the contrary. ■ "A party whose motion is denied may, under certain conditions, make another application for the same relief.

Unlike the final determination of an action or proceeding by judgment, the decision on an ordinary motion is *not res judicata* . . . and a court has jurisdiction to reconsider it." (Italics in original.) (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 27, p. 2695; *Harth* v. *Ten Eyck* (1941) 16 Cal.2d 829, 832 [108 P.2d 675]; *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705 [102 Cal.Rptr. 190].)

## II

■ Defendant's primary contention on the appeal is that the court's authority in ruling on a section 914 motion for new trial is limited to grant or denial in full and precludes a grant for limited purposes. The section provides that when the records cannot be obtained for specified reasons, "the trial court . . . or the reviewing court shall have power *to set aside and vacate the judgment,* order or decree from which an appeal has been taken or is to be taken *and to order a new trial of the action or proceeding.*" (Italics added.) In the face of this clear, unambiguous, and unequivocal language, the trial court exceeded its authority. ■ We may not disregard or enlarge the plain provisions of the statute, nor may we go beyond the meaning of the words used when they are clear and unambiguous. (45 Cal.Jur.2d, Statutes, § 180, p. 680; *People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250].) ■ Section 914 does not require interpretation; it is without ambiguity. It provides power to the court to vacate the entire judgment and to order a new trial of the entire action or proceeding; it does not provide for a partial new trial on limited issues.

■ It is a prime rule of construction that the legislative intent underlying a statute must be ascertained from its language; if the language is clear, there can be no room for interpretation, and effect must be given to its plain meaning. (*Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 353-354 [139 P.2d 908]; *Skivers* v. *State of California* (1970) 13 Cal.App.3d 652, 655 [91 Cal.Rptr. 707]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ "An intent that finds no expression in the words of the statute cannot be found to exist. The courts may not speculate that the legislature meant something other than what it said. Nor may they rewrite a statute to make it express an intention not expressed therein." (Fns. omitted.) (45 Cal.Jur.2d, Statutes, § 128, p. 636.) The court in *People* ex rel. *Thain* v. *City of Palo Alto* (1969) 273 Cal.App.2d 400, 406 [78 Cal.Rptr. 240], stated, "It will be assumed that

the Legislature, in enacting a statute, has in mind existing related laws [citations], including, . . . the acts of previous Legislatures."

■ Section 657 of the Code of Civil Procedure is the general new trial statute. Prior to 1929, it made provision for the vacation of the verdict or other decision and the granting of a new trial. In 1929, the Legislature amended section 657 to expressly provide for vacation of the verdict *in part* and for a new trial on all *or part of* the issues. Section 657 now reads in pertinent part, "The verdict may be vacated and any other decision may be modified or vacated, *in whole or in part,* and a new or further trial granted *on all or part of the issues,* . . ." (Italics added.) Section 914 was adopted in 1968 and was predicated upon former section 953e. That section, in referring to the power of the trial court to grant motions for new trials where the reporter's notes or transcript had been lost or destroyed, contained language substantially identical to that presently utilized in section 914. In part it read: ". . . shall have power to set aside and vacate the judgment, . . . and to order a new trial of the action . . . ." Thus, we note that the Legislature in 1968, with knowledge of the provisions of section 657 providing for partial new trials on limited issues, adopted section 914 without providing for partial new trials on limited issues.

■ The fact that a provision of a statute on a given subject is omitted from other statutes relating to a similar subject is indicative of a different legislative intent for each of the statutes. (*Signal Oil & Gas Co.* v. *Bradbury* (1960) 183 Cal.App.2d 40, 51 [6 Cal.Rptr. 736]; *Estate of Simpson* (1954) 43 Cal.2d 594, 600 [275 P.2d 467, 47 A.L.R.2d 991].) Where a statute with reference to one subject contains a certain vital word, omission of that word from a similar statute on the same subject is significant to show a different intention. In applying the foregoing, the court in *Estate of Simpson, supra,* at page 600, stated: "But in drafting our 1937 act, the Legislature chose not to include the word 'any' in the tax exemption clause, a deletion consistent with an intent to effect a different application."

■ In view of the foregoing, we conclude that the trial court erred in granting a new trial on the issue of damages only.

Defendant also appealed generally from the judgment entered in favor of plaintiff. The questions raised by that appeal need not be reached in view of the above ruling.

The order granting a partial new trial is reversed and the cause remanded with directions that a new trial be granted on all issues. Defendant United Pacific Insurance Company shall recover its costs of appeal from plaintiff J. David Hennigan.

Friedman, Acting P. J., and Paras, J., concurred.