[Civ. No. 23192. Fourth Dist., Div. Two. Dec. 23, 1980.]

RUTH S. PURDY, Plaintiff and Appellant, v.
TEACHERS' RETIREMENT BOARD, Defendant and Respondent.

**COUNSEL**

Daniel B. Haueter for Plaintiff and Appellant.

George Deukmejian, Attorney General, Janelle B. Davis and Robert Foster, Deputy Attorneys General, for Defendant and Respondent.

OPINION

MORRIS, J.—Petitioner, Ruth Purdy, appeals from a superior court judgment denying her petition for a peremptory writ of mandate pursuant to Code of Civil Procedure section 1094.5, by which she sought to set aside a decision of the respondent Teachers' Retirement Board (hereinafter the Board) denying her an additional amount in retirement benefits claimed by her from the State Teachers' Retirement System (hereinafter the STRS).

## The Facts

Petitioner, for approximately seven years before her retirement on August 31, 1976, was a certificated employee of the North Orange County Community College District (hereinafter referred to as the District). During the years 1972-1976 petitioner was employed at Fullerton College in various positions in the Adult Education Laboratories of the District. In that capacity she designed, implemented, operated and supervised an adult education program originally designed to teach office skills to women who were planning to reenter the work force. Over the years this program was expanded to include courses leading to a high school diploma and English as a second language. Courses included day and evening classes.[1]

---

[1]Petitioner's different positions, earnings, years, pay rate and full-time requirements were as follows:

| Fiscal Year | Position | Full-time Requirements | Pay Rate | Earnings |
|---|---|---|---|---|
| 72-73 | District Psychologist | No Basis As Needed | 16.00/Hr. | 1,632.00 |
| 72-73 | Adult Ed. Instructor (Summer School) | 6 Hrs./Day | 9.75/Hr. | 1,755.00 |
| 72-73 | Adult Ed. Instructor | 6 Hrs./Day 167 Days | 10.25/Hr. | 10,270.00 |
| | | | | $13,547 Basis |
| 72-73 | Extended Day Instructor | 4 Hrs./Day | 635.00/Mo. | 1,306.00 |
| 73-74 | Adult Ed. Instructor (Summer School) | 6 Hrs./Day 29 Days | 10.25/Hr. | 1,783.50 |
| 73-74 | Adult Ed. Division | 6 Hrs./Day 161 Days | 10.80/Hr. | 10,432.80 |
| | | | | $11,340 Basis |
| 73-74 | Adult Ed. Coordinator | ? | 378.00/Mo. | 3,780.00 |
| 74-75 | Adult Ed. Instructor (Summer School) | 8 (or 6) Hrs./Day 29 days | 10.80/Hr. | 1,879.20 |

The employment contract offered to petitioner and accepted by her for the 1974-1975 fall term[2] provided in pertinent part as follows:

"This is to notify you that the Board of Trustees of the North Orange County Community College District hereby offers you employment as a Temporary Teacher to serve as needed by the Adult Education Division during the 1974/75 Fall Term. The hourly rate and class assignment(s) are indicated on the above label. ["$11.50 PER HR 49211 BUSINESS SKILLS LAB MTWTHF 9:00 AM-3:30 PM CYPRESS JR COLLEGE"]

"The following conditions of employment have been stipulated by the governing board and are hereby expressly made a part of this contract. Payment of services rendered is subject to compliance with these conditions:

"1. Your employment is on an hourly basis and is subject to discontinuance if the class attendance falls below fifteen (15) students or if conditions arise which make continuance of the class undesirable.

| Fiscal Year | Position | Full-time Requirements | Pay Rate | Earnings |
|---|---|---|---|---|
| 74-75 | (Adult Ed. Instructor ( ( | 8 Hrs./Day 67 Days | 11.50/Hr. (9/1/74 thru | 17,012.00 |
| 180 Days | ( ( ( | | 12/31/74) | CETA Program Started 1/1/75 |
| 74-75 | (Adult Ed. Instructor | 8 Hr./Day 113 Days | 12.00/Hr. (1/2/75 thru 6/30/75) | |
| | | | ½ @ 11.50 ½ @ 12.00 | 12,337.50 Basis |
| 74-75 | Adult Ed. Coordinator | ? | 402.50/Mo. & 423.50/Mo. | 4,130.00 |
| 75-76 | Adult Ed. Instructor | 8 Hrs./Day 174 Days | 13.00/Hr. | 18,096.00 |
| 75-76 | Adult Ed. Instructor (Summer School) | 8 Hrs./Day 29 Days | 12.00/Hr. | 2,496.00 |
| | | | | 13,650 Basis |
| 75-76 | Adult Ed. Coordinator | ? | 455.00/Mo. | 4,550.00 |
| 75-76 | C.E.T.A. Program | 200 Hrs. 148 Hrs. | 12.00/Hr. 13.00/Hr. | 2,400.00 1,924.00 |

[2] The 1974-1975 contract is the only written contract included in the administrative record.

"2.  Payment for services in a class will be made only for such time as the class is actually in session...."

The STRS refused to accept a certification, submitted to it by the employer District after petitioner's retirement, which stated that during her last three years of employment she was at all times a full-time salaried employee serving in one full-time position.[3]

Throughout the last three years of her employment, petitioner worked full time and paid retirement contributions on her entire income to the STRS. Upon her retirement petitioner requested full retirement credit for those contributions and requested that the last three years of her employment (school years 1973-1974, 1974-1975, and 1975-1976) be used for purposes of computing her retirement income under Education Code section 24000.[4]

On or about December 16, 1977, following her receipt of notice from STRS that it was denying her retirement benefits based upon her total contributions during the last three years and would refund the excess of those contributions to her, petitioner filed a request for hearing pursuant to Government Code section 11507.5 et seq.[5]

Following a hearing before Administrative Law Judge Rosalyn Chapman, the judge issued a proposed decision, holding that at all times subsequent to her employment as Instructor/Coordinator in the Adult Education Laboratories petitioner was a full-time salaried employee and she was not an hourly employee in a multiple position assignment, and recommending that petitioner be credited, for retirement purposes, with all of her income during the last three years of her employment except for two summer sessions.

The Board rejected the proposed decision and held its own hearing pursuant to Government Code section 11517. The Board voted to deny

---

[3]The statement read in pertinent part as follows: "During the period June 21, 1971, through August 31, 1976, Dr. Ruth Purdy was employed by the North Orange County Community College District to provide instructor and coordination responsibilities in the adult education program. During this time all hours during which Dr. Purdy was employed were considered part of a full-time assignment and she was not considered to be in an overtime status at any time during this period."

[4]All statutory references are to the Education Code except as otherwise stated.

[5]The Administrative Procedure Act is made applicable to STRS by Government Code section 11501.

the retirement compensation recommended by the administrative law judge. The Board found that petitioner was employed in a multiple position assignment on an "as needed" basis as an hourly and daily employee and not as a salaried employee in one full-time position.

Relying upon section 22703, the Board determined that full-time employment for an hourly and daily employee for purposes of STRS is 175 days or 1,050 hours. Therefore, the Board concluded that any hours worked in excess of that amount was overtime and not creditable for retirement purposes. Consequently, the Board denied petitioner's request to have her full salary for her last three years used for final compensation purposes, and instead, used the three years from 3/1/69 to 7/1/72 as her final compensation.[6]

Petitioner filed her petition for a writ of administrative mandamus in the superior court to require the respondent Board to set aside its decision denying her request that her full salary for the school years 1973-1974, 1974-1975, and 1975-1976 be used for purposes of computing her final retirement compensation.

After exercising its independent judgment, the superior court denied the petition for writ of mandate.

This appeal followed.

Petitioner makes the following contentions on appeal:

1. Findings of fact numbers 4, 6, 8 and 9[7] are not supported by substantial evidence and are based upon premises contrary to law.

---

[6]Petitioner's compensation during this period was as follows:

| " 7/01/71 to 7/01/72 | 12 Mos. at 1,321.1675 | = | $15,854.01 |
|---|---|---|---|
| 7/01/70 to 7/01/71 | 12 Mos. at 1,569.929 | = | 18,839.15 |
| 11/01/69 to 7/01/70 | 8 Mos. at 1,255.77 | = | 10,046.16 |
| 3/01/69 to 7/01/69 | 4 Mos. at 1,279.43 | = | 5,117.72 |

36 /$49,857.04

$ 1,384.92"

[7]The findings are: "4. Petitioner, from 1973 to 1976, was paid on an hourly and daily basis and that she worked in a multi-assignment position.

"6. Documentary proof was not presented to the Retirement Board by plaintiff's [sic] employer to justify these distinctions.

"8. It was incumbent upon petitioner employee to advise the Retirement Board of her proper employment status.

"9. Post-service certification of petitioner's employment status does not as a matter of law constitute sufficient advice to the Board."

2.  Findings of fact numbers 5 and 7[8] are contrary to law.

The trial court correctly determined that petitioner has a fundamental vested right in the retirement fund to the amount to which she is entitled by law, and correctly exercised its independent judgment in reweighing the evidence considered by the Board. ■ Our review of the trial court's factual findings is limited to an examination of the findings to determine whether they are supported by substantial evidence, and in doing so we are required to disregard all contrary evidence. (*Moran* v. *Board of Medical Examiners* (1948) 32 Cal. 301, 308 [196 P.2d 20].)

However, this court is not bound by the trial court's findings to the extent they constitute conclusions of law. Therefore, we must first examine petitioner's contentions to determine the extent to which they constitute an attack upon the legal basis of the trial court's decision.

Essentially petitioner contends that she was employed in one full-time position, that section 22703 does not impose a maximum limit on creditable earnings for full-time employees, and that petitioner's employer District did sufficiently document her correct status as "full-time salaried in one full-time position."

The essence of findings of fact numbers 6, 8 and 9 is that the employer District did not sufficiently document petitioner's correct status as "full-time salaried in one full-time position."

If petitioner is correct in her contention that section 22703 and California Administrative Code, title 5, section 20521 do not impose a maximum limit on creditable earnings for full-time hourly employees in multiposition assignments, then it would be immaterial whether the District documentation was sufficient to show that petitioner was a full-time salaried employee in one position. Consequently, we will first consider petitioner's contention that the trial court's interpretation of the law as reflected in findings number 5 and 7 is contrary to the law.

---

[8]The findings are: "5. The Retirement Board was bound to consider the distinction in Evidence [*sic*] Code Section 22703 between full-time salaried employees and full-time hourly employees.

"7. Petitioner did not qualify as a full-time employee under Evidence [*sic*] Code Section 22703."

## The Law

■ Retirement benefits for a member of STRS are calculated by adding the member's creditable compensation during the three consecutive years in which she earned the most money, dividing that total by three to obtain an average, and multiplying the average so obtained by a percentage figure based upon the number of years the employee rendered service while a member of STRS.[9]

Upon petitioner's retirement, the STRS determined that during her last three years of service she was a "full-time hourly employee in a multiple position assignment," as opposed to a "full-time salaried employee in one full-time position." It then applied what it interpreted as a statutory maximum of 1,050 hours on her creditable earnings, refunded her the contributions made on her earnings in excess of that maximum, and determined her retirement income by using three earlier years, which then became three years of higher average compensation. The end result was a loss to petitioner of $329 per month in retirement benefits.

The law upon which the Board relied as imposing the 1,050 hours limitation on petitioner's creditable earnings is section 22703, entitled "Part-time employment credit" which reads as follows: "*Persons employed on a part-time basis*, including persons employed in night schools and adult education programs, shall receive credit for time served in the proportion that the salary earned bears to the salary which would have been earned if employed full time. When a person is employed on an hourly or daily basis, full-time employment shall be considered as one hundred seventy-five (175) days or one thousand fifty (1,050) hours if the service is confined to a school term, or two hundred sixty (260) days or one thousand five hundred sixty (1,560) hours if the service extends for a full school year. The board shall make equitable

---

[9]Section 22127 provides in pertinent part as follows: "'Final compensation' means the highest average annual compensation earnable by a member during any period of three consecutive years during his membership in the system . . . ."

Section 24000 provides in pertinent part as follows: "Upon retirement for service which became effective after June 30, 1972, a member shall receive a retirement allowance which shall consist of: [¶] (a) An annual allowance payable in monthly installments, upon retirement at age 60 or over, equal to 2 percent of the final compensation for each year of credited service. If the retirement of a member is effective at less than age 60 and between the ages of 55 and 60 this allowance shall be reduced by one-half of 1 percent for each full month, or fraction of a month which will elapse until the member would have reached age 60, . . . ."

adjustments for service which extends for a period greater than a school term but less than a school year." (Italics added.)

Since the section applies by its express terms only to persons employed on a part-time basis, petitioner contends it does not apply to her because she was a full-time employee throughout her last three years with the District. The evidence submitted by the district (fn. 1, *ante*) reveals that she worked full time. The trial court impliedly found that she worked full time in finding number 5, when it determined that "The Retirement Board was bound to consider the distinction in [Education] Code Section 22703 between full-time salaried employees and full-time hourly employees." Because of this interpretation of section 22703 as requiring such distinction, the court concluded in finding number 7 that "[p]etitioner did not *qualify* as a full-time employee under [Education] Code Section 22703." (Italics added.)

██ Although this conclusion is set forth as a finding of fact, it is clear that it simply reflects an interpretation of section 22703 as requiring that hourly paid employees be treated as part-time employees.

In its argument supporting the court's interpretation of section 22703, respondent focuses on the second sentence of the section, which states that when a person is employed on an hourly or daily basis, full-time employment shall be considered as 175 days or 1,050 hours.

Respondent also relies on section 20521 of title 5 of the California Administrative Code which provides in pertinent part: "The following members who are employed by the day or by the hour shall have 175 days or 1,050 hours as the basis for determining their earnable compensation for a school year: [¶] (a) Those who are employed as substitutes but who can not be paid for school holidays; [¶] (b) *All others who are normally not employed for more than 175 days or 1,050 hours....*" (Italics added.)

Again respondent focuses on particular words, "members who are employed by the day or by the hour." Respondent concludes that "the issue is not whether appellant was employed 'full time' but whether she was a *salaried employee* or an *hourly or daily paid* employee," and

since petitioner was employed on an hourly and daily basis[10] she was subject to a 1,050 hour limitation under section 22703.

The defect in respondent's argument is that it is based on a partial reading of the statutes.

Section 22703 is applicable to persons employed on a part-time basis. It provides that such part-time employees are to receive credit for time served in the proportion that the salary earned by them bears to the salary which would have been earned if employed full time. There is nothing in the language of the second sentence to suggest that it extends the application of the section to "full-time" employees who are employed on an hourly and daily basis. The obvious purpose of the second sentence is to specify the full-time employment by which the earnings of hourly or daily "part-time" employees is to be measured for purposes of determining the proportional credit to be allowed part-time employees.

The credit to be received by a part-time employee in a position carrying a fixed salary may readily be determined under the first sentence. The second sentence merely provides the full-time yardstick by which to measure the earnings of the part-time hourly or daily employee.

■ Respondent has fallen into the same error of incomplete reading in the case of Administrative Code section 20521. It is not "all" persons who are employed by the day or by the hour who are to have 175 days or 1,050 hours as the basis for determining their earnable compensation for a school year, it is only "The following members" so employed: (a) substitutes and (b) "All others who are normally not employed for more than 175 days or 1,050 hours."

There is no evidence that petitioner falls into either of these categories. To the contrary, the only evidence in the record on this issue shows that she was employed full time throughout the period.

Respondent's position is not strengthened by resort to legislative policy. Respondent argues that since STRS was established for the benefit of public school teachers, and since part-time employees can often earn more than regular full-time teachers, the STRS limits compensation of

---

[10]The trial court expressly found that petitioner was from 1973 to 1976 paid on an hourly and daily basis.

benefits of part-time employees to what is equivalent to full-time employment.

In the first place, respondent cites no authority for this proposition, and secondly, that does not accurately describe what the Board did in this case. The effect of the Board's action in this case was to restrict a full-time school employee to an artificial limitation, which was established as a standard for measuring the credits to be earned by part-time employees.

The statutory purpose is expressed in section 22001 which reads in pertinent part as follows: "In order to provide a financially sound plan for the retirement, with adequate retirement allowances, of teachers in the public schools of this state, teachers in schools supported by this state, and other persons employed in connection with the schools, the State Teachers' Retirement System is established."

Section 22702 provides in part as follows: "Service performed on or after July 1, 1972, by a member shall be credited in the proportion the compensation paid bears to the compensation the member would have received if he had been employed on a full-time day basis in the particular position in which he is employed throughout the school term, school year, or for a period of service at least the equivalent to a school term."

■ We find nothing in the statutory scheme or stated purpose to suggest that the policy would be served by denying retirement credit on a full-time basis to an employee who was employed full time, simply on the ground that the salary was computed on an hourly basis.

■ "'An intent that finds no expression in the words of the statute cannot be found to exist. The courts may not speculate that the legislature meant something other than what it said. Nor may they rewrite a statute to make it express an intention not expressed therein.'" (*Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 7 [125 Cal. Rptr. 408], quoting from 45 Cal.Jur.2d, Statutes, § 128, p. 636.)

■ We conclude that the trial court erroneously held that the Board could properly distinguish between full-time salaried employees and full-time hourly employees. In view of this determination it is unnecessary for us to consider whether petitioner was in fact a full-time hourly employee in a multiassignment position or a full-time salaried

employee, or whether the postservice certification of petitioner's employment status constituted sufficient advice to the Board.

Judgment reversed.

Gardner, P. J., and McDaniel, J., concurred.