Filed 11/24/20  Liu v. Lin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JIAN LIU,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>ZHAN WU LIN,<br><br>        Defendant and Respondent. | B302126<br><br>(Los Angeles County<br>Super. Ct. No. BC661080) |

        APPEAL from a judgment of the Superior Court of
Los Angeles County.  Elizabeth Allen White, Judge.  Affirmed.

        Morris & Stone and Aaron P. Morris for Plaintiff and
Appellant.

        No appearance for Defendant and Respondent.

_____

Plaintiff and appellant Jian Liu brought this action against defendant and respondent Zhan Wu Lin for breach of contract and related claims.  Following a bench trial, the trial court found in favor of plaintiff and awarded him $6,800 in damages.  Plaintiff filed two motions for new trial, both of which were denied.  On appeal from the judgment, plaintiff challenges the trial court's order denying his second motion for new trial.

Because the trial court properly determined that plaintiff's second motion for new trial was an improper motion for reconsideration, which did not comply with Code of Civil Procedure section 1008,[1] it did not err.  Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 11, 2017, plaintiff initiated this action.  The operative pleading, the second amended complaint, alleges breach of contract and related causes of action.  Plaintiff sought at least $200,000 in damages, plus punitive and treble damages pursuant to statute.

The matter proceeded to a four-day bench trial, commencing January 3, 2019.  Following the presentation of evidence and submission of closing trial briefs, on February 20, 2019, the trial court issued its tentative statement of decision, finding for plaintiff and awarding him $6,800.

On March 7, 2019, plaintiff, in propria persona, filed a motion for new trial.  Although unclear, it appears that he was arguing that the damage award was insufficient and that he was entitled to some sort of accounting.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

On March 20, 2019, the trial court issued its final statement of decision, noting: "The Tentative Statement of Decision was served on counsel on February 20, 2019. The parties have not submitted Objections pursuant to California Rules of Court Rules 3.1590(g). As such, this constitutes the Final Statement of Decision."

The trial court heard and denied plaintiff's motion for new trial on June 27, 2019. In so ruling, the trial court noted that plaintiff "did not set forth the [section] 657 grounds upon which the motion [was] made and whether the same would be made upon affidavits, the minutes of the court or both," as required by section 659.

On August 28, 2019, judgment was entered in favor of plaintiff in the amount of $6,800.

On or about September 12, 2019, plaintiff, through counsel, filed notice of intention to move for new trial, pursuant to section 657. As is relevant to the issues raised in this appeal, plaintiff argued that (1) the trial court erred in granting a partial judgment on the covenant not to compete (§ 657, subd. (7)); (2) the trial court awarded him inadequate damages (§ 657, subd. (5)); and (3) plaintiff was entitled to a proper accounting (§ 657, subd. (3)).

Thereafter, on September 16, 2019, the trial court notified the parties that plaintiff's motion for new trial would be heard on October 11, 2019.

Defendant opposed plaintiff's motion, arguing, inter alia, that he had not been given sufficient notice.

After entertaining oral argument, the trial court denied plaintiff's second motion for new trial. In so ruling, it found that defendant had not been given sufficient notice of the motion

because it was served by mail on September 23, 2019, which was only 14 days prior to the hearing date; pursuant to section 1005, defendant was entitled to 21 days' notice, namely 16 court days plus 5 calendar days for service by mail.

In addition, the trial court found that this second motion for new trial was an improper motion for reconsideration. "Plaintiff failed to comply with [section] 1008, which requires that a motion for reconsideration of a motion, or a renewed motion, which was refused must be supported by an affidavit showing new or different facts, circumstances or law. [Citation.] The new or different facts must be such that the moving party could not, with reasonable diligence, have discovered or produced it earlier. [Citation.] [¶] The fact that Plaintiff brought the first motion in pro per does not excuse the need to comply with [section] 1008. Pro per litigants are not entitled to more favorable or lenient treatment than other litigants or attorneys when it comes to adherence to the California Rules of Court or Code of Civil Procedure. [Citations.]"

Plaintiff's timely appeal ensued.

## DISCUSSION

### I. *Standard of review*

The sole issue in this appeal is whether the trial court erred in failing to consider the merits of plaintiff's second motion for new trial on the grounds that it was an improper motion for reconsideration. This is a legal issue that we review de novo. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

### II. *Relevant law*

Section 1008, subdivision (a), provides, in relevant part: "When an application for an order has been made to a judge, or to

4

a court, and refused in whole or in part . . . , any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order.  The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."  Subdivision (b) is similar:  "A party who originally made an application for an order which was refused in whole or part . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."  (§ 1008, subd. (b).)

A party seeking reconsideration under section 1008 "must provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time."  (*Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1013.)  The same diligence requirement applies to motions to reconsider based upon "different" law.  (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1200.)

III.  *Analysis*

Applying these legal principles, we readily conclude that the trial court rightly denied plaintiff's second motion for new trial on the grounds that it was an improper motion for reconsideration.  Plaintiff filed his first motion for new trial on

5

March 7, 2019; it was denied.  Then, on or about September 12, 2019, plaintiff filed his second motion for new trial.  That second motion was nothing more than an attempt to revisit the question of whether plaintiff was entitled to a new trial, making it a motion for reconsideration.  (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577 [a motion asking that the trial court decide the same matter previously ruled on is a motion for reconsideration under section 1008].)

But plaintiff's motion did not meet the statutory requirements of section 1008.  It was not filed within 10 days of the trial court's order denying the first motion for new trial.  It was not supported by any new or different facts, circumstances, or law.  No supporting affidavit was attached to the motion.  And, plaintiff offered no evidence of his diligence in bringing the second motion.  As such, plaintiff's second motion for new trial was rightly denied as an improper motion for reconsideration.  (*Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500 ["a court acts in excess of jurisdiction when it grants a motion to reconsider that is not based upon 'new or different facts, circumstances, or law'"].)

Urging us to reverse, plaintiff argues that his first motion for new trial was not such a motion, even though it was captioned as such.  After all, it bore "little resemble to a Motion for New Trial."  We disagree.  In his first motion for new trial, plaintiff specifically requested a new trial.  And his arguments partly mirrored those raised in the second motion for new trial, namely his challenge to the damage award and his demand for a proper accounting.  The fact that the motion may have been poorly drafted because plaintiff filed it in propria persona does not alter

our analysis or conclusion.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Relying heavily upon *Hennigan v. United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1 (*Hennigan*), plaintiff asserts that because there are two time periods in which a motion for new trial can be brought, "even if Plaintiff's first in pro per Motion for New Trial is treated as such, that has no impact on the later motion filed by his counsel."  We are not persuaded.

In *Hennigan*, the lower court held a trial and rendered its intended decision in favor of the plaintiff.  Apparently seeking to challenge the trial court's decision, the defendant contacted the court reporter to obtain the reporter's notes of the proceedings.  Upon learning that the reporter's notes had been lost and a transcript of the proceedings was unavailable, the defendant filed a motion for dismissal and/or new trial pursuant to section 914.[2] The motion was denied, and judgment was entered in favor of the plaintiff.  (*Hennigan, supra,* 53 Cal.App.3d at p. 4.)  Thereafter, the defendant made another motion for new trial pursuant to section 914.  The trial court granted that motion in part, awarding the defendant a new trial on the issue of damages only. (*Hennigan, supra,* 53 Cal.App.3d at p. 5.)

---

[2] Section 914 provides, in relevant part:  "When the right to a photographic report has not been waived and when it shall be impossible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule . . . because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge thereof . . . shall have the power to set aside and vacate the judgment . . . and to order a new trial of the action or proceeding."

The defendant appealed, arguing that he was entitled to a new trial on all issues. (*Hennigan*, *supra*, 53 Cal.App.3d at p. 5.) The Court of Appeal agreed and reversed the trial court order granting a partial new trial on the issue of damages only; the matter was remanded for a new trial on all issues. (*Id.* at pp. 8–9.)

Urging the appellate court to reverse the trial court's order partially granting the defendant's motion, the plaintiff argued that the defendant could "not twice move for a new trial, once before and again after entry of judgment." (*Hennigan*, *supra*, 53 Cal.App.3d at p. 5.) The Court of Appeal disagreed, noting that section 659[3] does not provide "exclusive alternative times for only a single motion for new trial." (*Hennigan*, *supra*, 53 Cal.App.3d at p. 6.) In other words, a motion for new trial can be made both before and after entry of judgment, allowing for more than one motion for new trial. (*Ibid*.)

Seizing upon this language, plaintiff argues that he was allowed to pursue two motions for new trial. Aside from the fact that we are not bound by *Hennigan* (*Jessen v. Mentor Corp.* (2008) 158 Cal.App.4th 1480, 1489, fn. 10), we are not convinced

---

[3]     Section 659, subdivision (a) provides, in relevant part: "The party intending to move for a new trial shall file with the clerk and serve upon each adverse party a notice of his or her intention to move for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court, or both, either: [¶] (1) After the decision is rendered and before the entry of judgment. [¶] (2) Within 15 days of the date of mailing notice of entry of judgment by the clerk . . . or service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest."

that it applies here.  After all, the *Hennigan* court did not discuss or consider how section 1008 affected the timing language set forth in section 659.

Furthermore, the *Hennigan* court noted "another independent reason" supporting its conclusion:  "The new trial was granted upon section 914 . . . which is not and never has been a part of the general statutory provisions for new trial." (*Hennigan*, *supra*, 53 Cal.App.3d at p. 6.)  Because the trial court granted the second motion for new trial on the grounds that the court reporter's notes had been lost, "the provisions of section 659 [were] inappropriate to the motion and order under section 914 in [that] case." (*Hennigan*, *supra*, at p. 6.)  Section 914 is inapplicable to this case, rendering *Hennigan* distinguishable.

In light of our conclusion, we need not address plaintiff's contention that the trial court erred in denying his second motion for new trial on the grounds that it did not provide defendant with sufficient statutory notice.

The remainder of plaintiff's arguments go to the merits of his second motion for new trial.  Because the trial court rightly denied plaintiff's second motion for new trial on the grounds that it was an improper motion for reconsideration, we need not address the merits of that motion.

9

## DISPOSITION

The judgment is affirmed. Defendant is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

10